IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| KANCOR AMERICAS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:15-cv00589-GBL-IDD |
| ) | |
| ATC INGREDIENTS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiffs Kancor Americans, Inc. and Kancor Ingredients, Ltd. ("Plaintiffs")'s and Defendant ATC Ingredients, Inc. ("Defendant")'s Cross Motions for Summary Judgment under Federal Rule of Civil Procedure 56 (Docs. 111, 119). For the reasons to be stated in a forthcoming Memorandum Opinion and Order,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 111) and Plaintiffs' Motion for Summary Judgment (Doc. 119) are **GRANTED in PART** and **DENIED in PART**. Specifically, the Court holds the following:

(1) The Court **GRANTS** Plaintiffs' motion and **DENIES** Defendant's motion as to Defendant's statute of limitations defense because the Court finds that Plaintiffs' claims for breach of contract, unjust enrichment, and conversion are not time-barred;

(2) The Court **DENIES** Plaintiffs' and Defendant's motions as to Plaintiffs' claim for breach of contract because a genuine issue of material fact exists with respect to whether a valid contract existed concerning Defendant's alleged obligation to surrender the margins to Plaintiff Kancor Ingredients, Ltd.;

(3)     The Court **DENIES** Plaintiffs' and Defendant's motions as to Plaintiffs' claim for unjust enrichment because a genuine issue of material fact exists with respect to whether an express agreement existed for Defendant to remit the margins to Plaintiff Kancor Ingredients, Ltd. that would result in Defendant withholding more than the negotiated amount;

(4)     The Court **DENIES** Plaintiffs' and Defendant's motions as to Plaintiffs' claim for conversion because a genuine issue of material fact exists as to whether the parties enjoyed a debtor-creditor relationship or whether Defendant held Plaintiffs' margins in trust;

(5)     The Court **GRANTS** Plaintiffs' motion and **DENIES** Defendant's motion as to Defendant's claims that the parties were engaged in a joint venture because (1) no meeting of the minds occurred regarding the formation of a joint venture, (2) the Virginia Statute of Frauds bars Defendant's joint venture claims, and (3) Defendant's joint venture claims are time-barred;

(6)     The Court **GRANTS** Plaintiffs' motion and **DENIES** Defendant's motion as to Defendant's trade secret claims because Defendant has not provided any evidence of its trade secrets, evidence of Plaintiffs' misappropriation of said trade secrets, or evidence of any resultant damages;

(7)     The Court **GRANTS** Plaintiffs' motion and **DENIES** Defendant's motion as to Defendant's claim of tortious interference with its business expectancy because Plaintiff Kancor Ingredients, Ltd. is a party to the contract and cannot interfere with its own contract.

(8)     The Court **GRANTS** Defendant's motion as to Plaintiffs' claim for punitive as punitive damages are not available for breach of contract claims.

In sum, the Court holds that a genuine issue of material fact exists as to Plaintiff's claims for breach of contract (Count 1); unjust enrichment (Count 2); and conversion (Count 3). Therefore, these claims shall proceed to jury trial on March 7, 2016.

This Order does not constitute a final judgment, and the time for appeal will not run until the Court issues the Memorandum Order and Rule 58 Final Judgment.

**IT IS SO ORDERED.**

ENTERED this _1st_ day of February, 2016.

Alexandria, Virginia
2/1/2016

                                               /s/
                                      Gerald Bruce Lee
                                      United States District Judge